UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ERIC ARNOLD,<br><br>    Defendant. | No. C-04-3493 SC<br><br>ORDER RE: DEFENDANT'S<br>MOTION TO SET ASIDE<br>ENTRY OF DEFAULT |

   Plaintiff DIRECTV, Inc. ("Plaintiff") offers subscription-based television programming via a direct broadcast satellite system.  Plaintiff brings this action against Defendant Erik[1] Arnold ("Defendant") for unauthorized reception of Plaintiff's satellite signal.  The Court's Clerk entered default on January 10, 2005, prior to which Defendant had not filed any sort of pleading or response to the complaint.  Following entry of default, Defendant filed an *ex parte* Motion to set aside the default, which is now before this Court.  Defendant also filed a proposed Answer.  Plaintiff objects to the Motion on the ground that there is no basis for Defendant to file a motion *ex parte*.  Plaintiff's Objections to Motion at 1.

---

[1] Defendant's given name was misspelled in the Complaint.  "Erik" is the correct spelling.

Under Rule 55(c) of the Federal Rules of Civil Procedure, "[f]or good cause shown, the court may set aside an entry of default." A court must consider three factors in deciding whether good cause has been shown: 1) whether the defendant engaged in culpable conduct that led to the default, 2) whether the defendant had a meritorious defense, and 3) whether reopening the default judgment [or entry] would prejudice the other side.[2] <u>Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.</u>, 375 F.3d 922, 925-26 (9th Cir. 2004). Defendant bears "the burden of showing that any of these factors [favors] setting aside the default." <u>Id.</u> However, "[a]s these factors are disjunctive, the district court [is] free to deny the motion if any of the three factors [is] true." <u>Id.</u> (internal citations and quotations omitted). Therefore, this Court will consider each of these factors in turn.

With respect to the first factor, "culpability involves not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings ...." <u>TCI</u>

---

[2] "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." <u>Franchise Holding</u>, 375 F.3d at 925. "While a default judgment may be vacated only by satisfying the stricter standards applied to final, appealable orders under Rule 60(b), an entry of default may be set aside for 'good cause shown.'" <u>Educ. Credit Mgmt. Corp. v. Bernal</u>, 223 B.R. 542, 547 (B.A.P. 9th Cir. 1998). Therefore, while the same three factors are considered whether a party moves to set aside entry of default or a default judgment, a party seeking to set aside the former, as Defendant seeks here, need satisfy a lesser standard. Since the standard required here is the lesser one, supporting citations in this Order are drawn from cases involving both motions to set aside entries of default as well as motions to set aside default judgments.

1  Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir.
2  2001) (internal citations and quotations omitted).  The TCI Group
3  court noted that culpable conduct involves an *intentional* failure
4  to file an answer.  Id. at 697.  The Court finds that in the
5  instant matter Defendant did not intentionally fail to file an
6  answer.  For example, Defendant asserts that he did not think he
7  was the named defendant due to the misspelling of his name.
8  Motion at 2.  Defendant also alleges that he has never heard of
9  "White Viper," the entity which allegedly sold a Pirate Access
10 Device to Defendant.  Id.  Finally, Defendant implies that he did
11 not originally understand the seriousness of the matter.  Id.
12 Based on these statements, the Court finds that Defendant has not
13 engaged in culpable conduct which would preclude vacation of the
14 entry of default.
15     With respect to the second factor, Defendant asserts that
16 "all of the allegations of the complaint fail to state a claim
17 against Arnold upon which relief may be granted."  Id. at 4.
18 While such conclusory statements are far short of those needed to
19 succeed in a motion to dismiss, the Court finds these assertions
20 to be sufficient to grant the Motion at hand.
21     Finally, the Court turns to the third factor.  Here,
22 Defendant has come forward before default judgment has been
23 granted and seeks to set aside only the Clerk's entry of default.
24 Furthermore, while Plaintiff has objected to the Motion now before
25 the Court because it was filed "*ex parte*," Plaintiff has not
26 raised any other significant objections.  Considering these
27 factors, and given the less stringent standard needed to set aside
28

**United States District Court**
For the Northern District of California

3

an entry of default, the Court holds that it would not prejudice Plaintiff to set aside the entry of default.

The Court notes that Defendant labeled this Motion "*ex parte*." Plaintiff did not file an opposition to the Motion but did file objections to the *ex parte* nature of the Motion. The record does not indicate that the Motion was served on Plaintiff. However, Plaintiff's objections were filed on the very day that the Motion was presented to the Court, and Defendant describes the existence of ongoing negotiations with Plaintiff. Motion at 1. Therefore, whatever the circumstances surrounding the filing of the Motion at hand, the Court reminds the parties that all motions should be properly filed and served on all parties in accord with the Local Rules.

For the reasons stated above, the Court holds that Defendant has met the standard for setting aside a default described in <u>Franchise Holding II</u>. Therefore, the Court hereby GRANTS Defendant's Motion to Set Aside Entry of Default. The Court also GRANTS Defendant leave to file his Answer.

IT IS SO ORDERED.

Dated: May  23 , 2005

                                                      /s/ Samuel Conti  
                                                    UNITED STATES DISTRICT JUDGE